UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A.L.M. HOLDING CO., et al., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ALL STATES MATERIALS GROUP INC., <br><br> Defendant/Counterclaim Plaintiff. | Civil Action No. 25-10458-MGM |

MEMORANDUM & ORDER REGARDING
DEFENDANT'S MOTION FOR A STAY
(Dkt. No. 20)

May 23, 2025

MASTROIANNI, U.S.D.J.

This is a patent infringement action arising out of the market for asphalt paving products. Plaintiffs allege they hold numerous patents, six of which are relevant here (the "patents-in-suit"), related to the regulation of temperatures at which an asphalt paving composition can be mixed or laid. These patents, they say, protect the composition itself, the method of producing the composition, and the methods for paving with the composition.

According to Plaintiffs, Defendant is currently infringing the patents-in-suit, entitling them to injunctive and monetary relief pursuant to the Patent Act. Defendant denies these allegations, while also bringing twelve counterclaims seeking declaratory judgment on noninfringement and invalidity as to each of the patents-in-suit. Before reaching the merits of this dispute, however, the court must address whether the case should be stayed pending resolution of two related cases originating in the

United States District Court for the District of Delaware.[1] For the following reasons, the court concludes a stay is not warranted.

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin.*, 579 U.S. 40, 47 (2016). This inherent authority includes the power to stay litigation pending resolution of parallel actions in other courts. *Id.* (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). In patent cases, courts typically consider three factors when deciding if a stay is appropriate: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay would simplify the issues in question and trial of the case; and (3) the stage of the litigation." *In re Body Sci. LLC Pat. Litig.*, No. 1:12-MD-2375-FDS, 2012 WL 5449667, at *3 (D. Mass. Nov. 2, 2012); *see also Chr. Hansen HMO GmbH v. Glycosyn LLC*, 662 F. Supp. 3d 50, 53 (D. Mass. 2023). These factors are not necessarily dispositive, as the inquiry is based on the totality of the circumstances and is "largely case specific." *Hansen HMO*, 662 F. Supp. 3d at 53. "The party moving for the stay bears the burden of proving that a stay is appropriate." *Thakkar v. United States*, 389 F. Supp. 3d 160, 171 (D. Mass. 2019) (citing *Landis*, 299 U.S. at 255).

Here, Defendant has not shown a stay is appropriate. The court begins with the second factor—narrowing of the issues. Despite the Delaware actions alleging only indirect infringement against an Indian manufacturer and its U.S. subsidiary, there is undoubtedly overlap between this case and the pending Delaware actions, as the court agrees with Defendant: establishing some form of

---

[1] The first action is *A.L.M. Holding Co. et al. v. Zydex Indus. Pvt. Ltd. et al.*, No. 1:24-cv-00363-JPM (D. Del.) ("*Zydex I*"). This case was dismissed for lack of Article III standing. *See generally A.L.M. Holding Co. v. Zydex Indus. Priv. Ltd.,* No. 1:24-363-JPM, 2024 WL 5276676 (D. Del. Nov. 25, 2024). The standing decision is now on appeal to the United States Court of Appeals for the Federal Circuit. *A.L.M. Holding Co. et al. v. Zydex Indus. Pvt. Ltd. et al.*, No. 2025-1317 (Fed. Cir.). Plaintiffs subsequently filed a second case in Delaware. *A.L.M. Holding Co. et al. v. Zydex Indus. Pvt. Ltd. et al.*, No. 25-cv-155-JFM (D. Del.) ("*Zydex II*").

direct infringement is a prerequisite to establishing indirect infringement. *See Echosens, S.A. v. E-Scopics S.A.S.,* --F. Supp.3d--, No. 24-CV-11373-ADB, 2025 WL 871260, at *9-10 (D. Mass. Mar. 20, 2025). Defendant therefore urges the court to look to the principles underpinning the "customer suit exception," a narrow doctrine holding that "litigation brought against or commenced by 'the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer.'" *Hansen HMO*, 662 F. Supp. 3d at 53 (quoting *Katz v. Lear Siegler, Inc.,* 909 F.2d 1459, 1464 (Fed. Cir. 1990)). This doctrine reflects the general preference for a direct infringement action involving a manufacturer because it is typically "a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Codex Corp. v. Milgo Elec. Corp.,* 553 F.2d 735, 738 (1st Cir. 1977).[2] Defendant argues this judicial preference for actions involving the manufacturer supports staying this case because it is the functional equivalent of a mere customer, and the Delaware litigation undisputedly involves the manufacturer.

However, while the court agrees it is appropriate to consider the principles justifying this exception, it does not find Defendant's attempt to analogize itself to a mere customer persuasive. Rather, the allegations of the complaint articulate theories of infringement beyond mere resale of an infringing product by alleging that this Defendant directly infringes the patents-in-suit (especially the method or process patents) through its preparation and compacting of asphalt. *See, e.g., Teleconference Sys. v. Proctor & Gamble Pharms., Inc.,* 676 F. Supp. 2d 321, 327 (D. Del. 2009) ("This is not the case here [to apply the customer suit exception] because plaintiff alleges that Cisco's customers are not mere resellers but are direct infringers."); *In re Laughlin Prods., Inc.,* 265 F. Supp. 2d 525, 537 (E.D. Pa. 2003) (declining to enjoin suits against customers alleged to have directly

---

[2] The parties agree the customer suit exception is not formally applicable to this case because the manufacturer litigation commenced first in Delaware.

infringed method or process patents); *Am. Acad. of Sci. v. Novell Inc.*, No. C-91-4300 EFL, 1992 WL 313101, at *3 (N.D. Cal. July 9, 1992) (declining to stay action "where the patent owner seeks to hold the manufacturer liable solely on a theory of inducement/contributory infringement, claiming direct infringement only against the customer"); *A.P.T., Inc. v. Quad Env't Techs. Corp.*, 698 F. Supp. 718, 721-22 (N.D. Ill. 1988) (declining to enjoin actions against customers when patentee had a separate interest in litigating against the customer). Depending on the course of the Delaware litigation, these specific theories of direct liability as to this Defendant may not arise, meaning Defendant "has not shown that the issues of direct infringement are clearly common between these cases." *Fleet Connect Sols., LLC v. Precision Drilling Corp.*, No. 6:21-CV-00987-ADA, 2022 WL 2373711, at *4 (W.D. Tex. June 30, 2022); *see also In re Cinemark Holdings, Inc.*, 839 F. App'x 476, 479 n. 2 (Fed. Cir. 2020); *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081-82 (Fed. Cir. 1989). Ultimately, there is a recognized interest in allowing a patentee to proceed in an expeditious manner against a direct infringer, as it is the patentee's statutory right under the Patent Act. *See Teleconference Sys.*, 676 F. Supp. 2d at 327-29; *see also Air Prods. & Chemicals, Inc. v. MG Nitrogen Servs., Inc.*, 133 F. Supp. 2d 354, 357 (D. Del. 2001).[3]

Turning to the remaining factors, a stay of this action would prejudice Plaintiffs by "delay[ing] [Plaintiffs] from seeking vindication of its hard-won patent rights against an accused [direct] infringer." *Fleet Connect Sols., LLC v. Precision Drilling Corp.*, No. 6:21-CV-00987-ADA, 2022 WL 2373711, at *4 (W.D. Tex. June 30, 2022) (alterations added). As Plaintiffs noted at oral argument, several of the patents expire in approximately three years. "And when the patent expires, the patentee's prerogatives expire too, and the right to make or use the article, free from all restriction, passes to the public." *Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 451 (2015). Plaintiffs thus cannot obtain injunctive relief if

---

[3] "The public policy favoring expeditious resolution of disputes is of particular weight when dealing with wasting assets such as patents." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463-64 (Fed. Cir. 1990); *see also Cont'l Can Co. USA v. Monsanto Co.*, 948 F.2d 1264, 1266 (Fed. Cir. 1991); *Corves, LLC v. Dillard's, Inc.*, No. 218CV08518RGKAFM, 2019 WL 2022227, at *4 (C.D. Cal. Jan. 18, 2019).

the underlying patents expire, meaning Defendant has an incentive to run out the clock on this litigation by allowing the case to linger on the docket under a stay. *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 855 n. 1 (Fed. Cir. 2006).[4] Further, Defendant's carefully worded affidavit, indicating it will be bound by the outcome of the Delaware actions only "as to the issues of direct infringement and invalidity of the asserted patents," does not convince the court this prejudice can be avoided through Defendant's current representations. Defendant does not agree to be bound by any injunction issued in the Delaware litigation. Because "[i]t is well recognized that courts may not enter injunctions against persons or entities that were not party to the litigation before them," this will limit Plaintiffs' practical ability to enforce (or obtain) any issued injunction against this Defendant. *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1304 (Fed. Cir. 2012). It is also plausible that any relief entered in Delaware, while prohibiting certain infringing conduct, would not address the specific infringing conduct alleged against this Defendant. Therefore, there is a realistic possibility effective relief against this Defendant may not be obtained in the Delaware litigation. Finally, as to the third factor, while this case is in its infancy, the court accords this consideration comparatively little weight in its analysis because the pending Delaware District Court case is in a similar procedural posture.

The appropriateness of a stay in this case presents a close question. Both sides have advanced strong arguments for their positions and against those of their adversary. The court ultimately finds the balance of factors to weigh slightly in favor of Plaintiffs. However, as the able counsel for both

---

[4] In weighing prejudice, the court does find that Plaintiffs' failure to seek relief through a preliminary injunction undercuts their assertion of prejudice. *See ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 358 (D. Mass. 2015). However, the court does not find this issue dispositive, as undue prejudice may be found when "a dilatory motive on the part of the party seeking a stay [is found], unavailability of legal remedies once the stay is lifted [exists], [] the parties' relationship [is] as direct competitors in the marketplace." *DiversiTech Corp. v. RectorSeal, LLC*, No. CV 20-11896-NMG, 2021 WL 2953324, at *3 (D. Mass. July 14, 2021) (internal quotation omitted; alterations added). Here, given the looming expiration of the patents-in-suit, the likely length of the stay (potentially years), and the parties apparent relationship as partial direct competitors in the marketplace (or a submarket) for asphalt paving additives, the court does find sufficient undue prejudice.

sides are aware, a stay is not the only mechanism available to streamline this case.[5] It is undoubtedly an inefficient use of judicial resources for these clearly related cases to proceed in parallel without consolidation, but no party has invoked or proposed an alternate mechanism to streamline this litigation.

Accordingly, Defendant's motion to stay the case is DENIED.

It is So Ordered.

  /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge

---

[5] The court has also considered that Defendant's motion only sought a stay, without proposing an alternative such as transferring the case to Delaware, as militating against their request. As many of the cases cited by the parties illustrate, it is routine to ask for a stay or, in the alternative, to seek transfer of the case for purposes of consolidating the actions. By not raising this alternative relief, Defendant invites consideration that delaying until patent expiration, rather than judicial efficiency, is the real tactical driving force behind the stay request.